UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADVOCACY CENTER FOR
PERSONS WITH DISABILITIES, INC.,

CASE NO.:
8:06-CV-02249-T-30MAP

Plaintiff,

vs.

**COMPLAINT FOR
INJUNCTIVE AND
DECLARATORY RELIEF**

LUCY D. HADI, in her official capacity as
Secretary of the Department of Children
and Family Services,

Defendant.
_____/

Plaintiff, ADVOCACY CENTER FOR PERSONS WITH DISABILITIES, INC. ("the Center") by and through its undersigned counsel, sues Defendant, LUCY D. HADI ("Hadi") in her official capacity as Secretary, Department of Children and Family Services, and alleges:

**PRELIMINARY STATEMENT**

1. This is a civil rights action brought by the Center pursuant to its federal authority on behalf of all current and future jail detainees who are charged with a felony and have been declared incompetent to proceed due to a mental illness, and who may be committed to the custody of the Department of Children and Family Services ("DCF") for treatment in a state forensic facility. The relief sought herein is declaratory and injunctive relief to secure the constitutional and statutory rights of said jail detainees to timely treatment and training.

## JURISDICTION AND VENUE

2. This action arises under the Civil Rights Act, 42 U.S.C. § 1983, to redress the deprivation under color of state law of rights, privileges and immunities secured by the Constitution and laws of the United States that guarantee that adequate mental health services shall be delivered with reasonable promptness, the failure of which is cruel and unusual punishment in violation of the Eighth Amendment denies Due Process in violation of the Fourteenth Amendment to the United States Constitution. Additionally, this action arises under 42 U.S.C. §10801 *et seq.*

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343(3) and (4) and 42 U.S.C. § 1983.

4. This Court also has authority pursuant to 28 U.S.C. §§ 2201 and 2202 to enter declaratory judgments declaring the rights and other legal relations of parties to this action.

5. Venue is properly laid in this court as both the Plaintiff and the Defendant have offices in the Middle District.

## PARTIES

6. The Advocacy Center for Persons With Disabilities, Inc. is a not-for-profit Section 501(c)(3) corporation which is part of the national protection and advocacy system that is federally mandated under 42 U.S.C. § 10801 *et seq.* to help protect the legal, human and civil rights of individuals with disabilities. More specifically, in exchange for federal funding, each state must create a system

empowered to "pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of, and advocacy for" persons with disabilities. As Florida's designated protection and advocacy system, the Center is federally mandated to protect the rights of persons with mental illness residing in Florida, pursuant to the Protection and Advocacy for Individuals with Mental Illness Act, 42 U.S.C. §§ 10801 *et seq.* This statute authorizes the Center, among other things, to (1) "investigate incidents of abuse and neglect of individuals with mental illness if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred; and (2) to pursue administrative, legal, and other appropriate remedies to ensure the protection of individuals with mental illness who are receiving care of treatment in the state." 42 U.S.C. §10805(a)(1)(A)(B). The Center has the unique right and authority to protect Florida's citizens with mental illness by taking federal legal action on behalf of its unnamed constituents without naming a specific individual in bringing suit to redress violations of the rights of individuals with mental illness. Moreover, the Center has a direct and compelling interest in the subject matter of this suit and is uniquely positioned to bring this action in this Court by virtue of its federal authority to investigate incidents of abuse and neglect.

7. Lucy D. Hadi is being sued in her official capacity as Secretary of Florida's Department of Children and Family Services. DCF has the statutory authority over Florida's mental health programs pursuant to Florida Statute §20.19(2)(c)2. Hadi has the responsibility for the control and administration of

DCF, including the obligation, pursuant to law, to timely and promptly remove from the custody of the various county jail facilities throughout the state, individuals with mental illness, who have been adjudicated incompetent to proceed, and who are committed to DCF's care, custody and control by courts of competent jurisdiction throughout the State of Florida, pursuant to Florida Statute §916.107(1) (a).

## FACTUAL AND LEGAL BACKGROUND

8.  Florida Statute §916.11, *et seq.*, entitled "Forensic Services For Persons Who Are Mentally Ill" and Florida Rules of Criminal Procedure 3.210-3.219 govern the adjudication and treatment of persons who are charged with a felony and suspected of being incompetent to proceed. These individuals with mental illness who are suspected of being incompetent to proceed remain under the jurisdiction of the court but are committed to the custody of DCF. Presently, there are three maximum security forensic state mental health treatment facilities operated directly or contracted by DCF. Criminal defendants who are adjudicated incompetent to proceed may be held in jail for up to 15 days from the date DCF receives a completed copy of the commitment order containing the documentation required by Florida Rules of Criminal Procedure 3.212-3.215, and until transportation to a treatment facility is arranged by the committing county.

9.  According to *The Florida Senate Interim Project Report 2007-102* dated November 2006, forensic commitments have increased by 16 percent for the year thereby resulting in an expanding waiting list for admission to state

treatment facilities. (The "Senate Report," is attached hereto and made a part hereof as Exhibit "A.") The Senate Report states that "[A]s of July 27, 2006, the waiting list for admission to a forensic bed in a state facility included 313 individuals, with 248 of those (79 percent) waiting over the statutory limit of 15 days." Senate Report at p. 5. This delay in admitting individuals declared to be incompetent to proceed to forensic facilities postpones necessary treatment, creates potentially dangerous situations in already overcrowded jails, and consumes limited jail health care resources. This waiting list inflicts needless suffering and subjects individuals declared to be incompetent to proceed to an anti-therapeutic environment threatening the mental and physical well-being of those confined and unconstitutionally depriving them of their liberty. As is evident from the information contained in the Senate Report, DCF has and does admit that the treatment of individuals declared to be incompetent to proceed is abusive and neglectful.

10. The present and past conduct of the Defendant has and continues to violate the rights of individuals declared to be incompetent to proceed as secured by the United States Constitution and federal law.

11. Defendant must provide timely, adequate treatment and training consistent with accepted professional standards to prevent deterioration of the condition of individuals declared to be incompetent to proceed and to restore them to a level of functioning that would permit their return to the judicial system. The treatment and training of those determined incompetent to proceed can be

5

delivered at one of the three state forensic facilities or in the jail by the local community mental health provider for mental health services, the client's physician or psychologist, or any other appropriate program until the client is transferred to a civil or forensic facility as provided by Florida Statute §916.107.

12. "In a criminal case involving a defendant (charged with a felony) who has been adjudicated incompetent to proceed . . . a jail may be used as an emergency facility for up to fifteen (15) days from the date the department receives a completed copy of the commitment order containing the documentation required by Rules 3.212 . . . Florida Rules of Criminal Procedure." Florida Statute §916.107(1)(a).

13. There are over 300 individuals with mental illness in various jails throughout the State of Florida who have been held in the facility for over the fifteen (15) day period proscribed above. The time period is not a day or two over the fifteen (15) day limit, rather, it can extend weeks and months all in clear violation of Florida Statute and due process of law.

14. In fact, rather than the fifteen (15) day time period provided for in the Florida Statutes, DCF, by and through the Defendant, has unilaterally determined to create a "waitlist" of individuals declared to be incompetent to proceed. The "waitlist" is a state wide list of individuals declared to be incompetent to proceed which determines the transport date to a state facility.

6

15. In the interim, DCF does not and has not and apparently does not intend to provide any "evaluation, treatment or training" also as provided for in the above referenced statute.

16. DCF has indicated that it does not have enough bed space for individuals declared to be incompetent to proceed, notwithstanding its obligation to take charge of such clients. Further, it has indicated that despite its statutory duty to have sufficient bed space or otherwise provide services to individuals declared to be incompetent to proceed, it does not intend to do so, nor does it intend to provide an alternative to allowing individuals declared to be incompetent to proceed to languish within the jails of this State without appropriate treatment and training. Lack of funds or facilities is not an adequate reason to deny individuals declared to be incompetent to proceed their constitutional rights.

17. It is the duty of the jail system within the State of Florida to house such individuals declared to be incompetent to proceed only in the unusual situation, not the regular course. That is not what is happening throughout this State, all due to the failure, refusal or neglect of the Defendant to abide by her constitutional and statutory duty.

18. As a result of the failure, refusal or neglect by the Defendant to abide by her constitutional and statutory duty, and every individual declared to be incompetent to proceed languishing in the jails of this State are being denied their constitutional right to due process each and every day they are subject to being confined to jail for an indeterminate period of time. As such, they are being

denied their right to treatment and training and to due process. These actions constitute abuse and neglect by the State to individuals with mental illness who have been determined to be incompetent to proceed.

19. By virtue of her woeful failure to take care of individuals declared to be incompetent to proceed after the expiration of the fifteen (15) day rule, and by the very existence of the "waitlist," the Defendant, as Secretary of DCF, is not providing these individuals their constitutional rights pursuant to the Eighth and Fourteenth Amendments.

## COUNT I – VIOLATION OF 42 U.S.C. §1983

20. The Center readopts, realleges and reaffirms each and every allegation contained in paragraphs 1 through 19 hereinabove as though fully alleged herein.

21. Defendant's actions as aforesaid constitute state action and Defendant is acting under color of state law.

22. By her actions and omissions, Defendant has violated 42 U.S.C. § 1983 in the following manner:

    a. There are certain rights, privileges and immunities established by the Eighth and Fourteenth Amendments to the United States Constitution. Florida's process, as administered by Defendant, unconstitutionally infringes upon persons subject to Florida Statute §916.11, et *seq*.

  b.  Defendant has woefully failed to abide by Florida Statutes which are meant to insure the timely, fair and constitutional treatment of individuals declared to be incompetent to proceed throughout this State.

  c.  Defendant has failed to create, implement, or utilize any administrative standards, policies, or guidelines to insure that alternatives provided for within the Florida Statutes are created.

  d.  Defendant has failed to put any individual declared to be incompetent to proceed on notice that his/her rights are compromised and will be compromised for an indeterminate period of time.

  e.  The manner in which DCF has chosen to execute its statutory duties allows forensic decisions to be made concerning the needs and care of an individual declared incompetent to proceed, without review or process and violates state law that provides for treatment and training.

  f.  Defendant permits individuals declared to be incompetent to proceed to languish in facilities located throughout the state of Florida, none of which provide even the most rudimentary forensic services, let alone a safe and secure place for these clients to reside, all in violation of the Eighth Amendment.

  23. Defendant has failed to act in accordance with Florida Statutes and has failed, as is more particularly described hereinabove, to ensure the health, safety and welfare of individuals declared to be incompetent to proceed in Florida who are arbitrarily and capriciously kept in numerous jail facilities without due regard for their constitutional rights.

24. As a direct result of Defendant's actions, those individuals declared to be incompetent to proceed held in jail facilities beyond fifteen (15) days have and will suffer irreparable harm due to the arbitrary, capricious and irrational failure to provide services as provided for in the Florida Statutes and as guaranteed by the United States Constitution.

25. By subjecting individuals declared to be incompetent to proceed to the conditions and circumstances set forth herein, Defendant has acted and continues to act with deliberate indifference and disregard to the health, safety and mental health needs and welfare of said individuals declared to be incompetent to proceed all in violation of the civil rights of said individuals with mental illness in violation of 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Advocacy Center for Persons with Disabilities, Inc. prays that this Honorable Court order and adjudge the following:

A. ASSUME jurisdiction of this action;

B. DECLARE that the actions of the Defendant, Lucy D. Hadi, in her official capacity as Secretary of the Department of Children and Family Services, are unlawful;

C. DECLARE that the Defendant, Lucy D. Hadi, in her official capacity as Secretary of the Department of Children and Family Services, while acting under color of state law, violates the Eighth and Fourteenth Amendments to the

Constitution of the United States by failing to act and to provide services as alleged hereinabove;

  D. ENTER a permanent injunction which serves to enjoin the Defendant, Lucy D. Hadi, in her official capacity as Secretary of the Department of Children and Family Services, from ignoring the individuals declared to be incompetent to proceed who are incarcerated more than fifteen (15) days as aforesaid and to provide such services as she is obligated to do;

  E. ORDER the Defendant, Lucy D. Hadi, in her official capacity as Secretary of the Department of Children and Family Services, to cease the practice of the "waitlist;"

  F. ORDER the Defendant, Lucy D. Hadi, in her official capacity as Secretary of the Department of Children and Family Services, to provide appropriate treatment and training to individuals declared to be incompetent to proceed immediately during such time as said clients are residents in any jail facility in the State of Florida;

  G. DIRECT the Defendant, Lucy D. Hadi, in her official capacity as Secretary of the Department of Children and Family Services to pay reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

  H. DIRECT the Defendant, Lucy D. Hadi, in her official capacity as Secretary of the Department of Children and Family Services to pay an award of court costs; and

I.      AWARD such other and further relief as this Court deems just and proper.

Dated:  December 6th, 2006.

Respectfully submitted,

*/s/ Hubert A. Grissom*

HUBERT A. GRISSOM
Florida Bar No.: 166758
The Advocacy Center for Persons
   With Disabilities, Inc.
1000 N. Ashley Drive, Suite 513
Tampa, Florida 33602
Tel No.: 813-233-2920
Fax No.: 813-233-2958
E-Mail:  Hubertg@advocacycenter.org

GORDON B. SCOTT
Florida Bar No.: 112860
The Advocacy Center for Persons
   With Disabilities, Inc.
2671 Executive Center Circle, West
Suite 100
Tallahassee, Florida 32301-5092
Tel No.: 850- 488-9071
Fax No.: 850- 488-8640
E-Mail: Gordons@advocacycenter.org

GAYLE E. MILLER
Florida Bar No.: 351628
The Advocacy Center for Persons
   With Disabilities, Inc.
4411 Sheridan Street
Hollywood, Florida 33021
Tel No.: 954-967-1493
Fax No.: 954-967-1496
E-Mail:  Gaylem@advocacycenter.org
